IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| **LLOYD J.,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | Civil No. TMD 20-2569 |
| v. | * | |
| | * | |
| | * | |
| **KILOLO KIJAKAZI,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.**[1] | * | |
| ************ | | |

**MEMORANDUM OPINION GRANTING PLAINTIFF'S
ALTERNATIVE MOTION FOR REMAND**

Plaintiff Lloyd J. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") denying his applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 14) and Defendant's Motion for Summary Judgment (ECF No. 15).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the

---

[1] On July 9, 2021, Kilolo Kijakazi became the Acting Commissioner of Social Security. She is, therefore, substituted as Defendant in this matter. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Commissioner's decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.

# I

## Background

Plaintiff protectively filed applications for DIB and SSI on December 18, 2017, alleging disability beginning on October 1, 2017. R. at 23. After the Commissioner denied Plaintiff's claims initially and on reconsideration, he requested a hearing. R. at 23. On November 18, 2019, Administrative Law Judge ("ALJ") Carol Matula held a hearing where Plaintiff and a vocational expert ("VE") testified. R. at 40-76. The ALJ thereafter found on November 27, 2019, that Plaintiff was not disabled from October 1, 2017, through the date of the ALJ's decision. R. at 20-39. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since October 1, 2017, and that his major depressive disorder and substance use disorder involving alcohol and marijuana were severe impairments. R. at 25-26. He did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 26-28. In comparing the severity of Plaintiff's mental impairments to the listed impairments, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace. R. at 27.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] is limited to performing simple, routine, repetitive tasks, not at a production-rate pace (i.e., no assembly line work), and he can have no more than occasional interaction with supervisors, coworkers, and the public." R. at 28. In light of this RFC and the

VE's testimony, the ALJ found that, although Plaintiff could not perform his past relevant work, he could perform other work in the national economy, such as a box bender, mold filler, or hand packager.  R. at 33-35.  The ALJ thus found that Plaintiff was not disabled from October 1, 2017, through November 27, 2019.  R. at 35.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on September 4, 2020, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124

S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously assessed his RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-10, ECF No. 14-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of his ability to perform the physical and mental demands of work. *Id.* at 5. In particular, he argues that, among other things, the ALJ failed to include any limitation on concentration or task persistence in her RFC assessment. *Id.* at 7. According to Plaintiff, the ALJ also failed to explain how she determined that an individual with moderate limitations in concentrating, persisting, or maintaining pace would be capable of maintaining concentration, attention, and pace for 86% of the workday. *Id.* at 8-10. Plaintiff finally asserts that the ALJ erroneously evaluated his subjective complaints. *Id.* at 10-17. For the reasons discussed below, the Court remands this case for further proceedings.

SSR 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

>work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote and citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks

differs from the ability to stay on task.  Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.*  The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC.  *Id.*  The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020).  Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

Plaintiff argues that the ALJ "failed to include any limitation on concentration or task persistence in her [RFC] assessment, and instead determined that the Plaintiff could perform simple, routine, and repetitive tasks, not at a production pace."  Pl.'s Mem. Supp. Mot. Summ. J. 7, ECF No. 14-1 (citing R. at 28).  Plaintiff's contention is unavailing, however, as the ALJ included a specific limitation ("not at a production-rate pace (i.e., no assembly line work)") in her RFC assessment that addresses persistence or pace.  *See Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *2 (D. Md. Sept. 15, 2021) (Gallagher, J.) (finding that ALJ's RFC assessment limiting claimant to work that did not meet strict production requirements satisfied *Mascio*'s requirements).  Moreover, in the ALJ's hypothetical question to the VE at the hearing and in her RFC assessment in her decision (R. at 28, 72), the ALJ defined "not at a production-rate pace" to mean "no assembly line work," so meaningful review is not frustrated.  *See Sara H. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-20-3358, 2021 WL

4426875, at *2 (D. Md. Sept. 27, 2021) (Gallagher, J.); *Sheri S. v. Saul*, No. 1:19-cv-01924-GLS, 2020 WL 4579871, at *3-4 (D. Md. Aug. 7, 2020).

Remand is warranted, however, because the ALJ did not explain how, despite Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, he could be productive at least 86% of the time in an eight-hour workday (Pl.'s Mem. Supp. Mot. Summ. J. 8-10, ECF No. 14-1). *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *Sheri S.*, 2020 WL 4579871, at *5-6; *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 602-03 (D. Md. 2016) (remanding because ALJ's decision failed to explain how, despite claimant's moderate difficulties in maintaining concentration, persistence, or pace, she could remain productive for at least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work). In response to the ALJ's questioning, the VE testified that, "for unskilled work, any erosion of pace, persistence, concentration, and attention that goes beyond 14 percent across an eight-hour workday is not tantamount to completing a full workday." R. at 72-73. "And if a person is either absent or fails to complete a full workday more than one regularly scheduled working day per month for any 30-day work cycle, they are not going to maintain competitive employment." R. at 73. "But the ALJ failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019); *see James B. v. Kijakazi*, Civil No. DLB-20-1243, 2021 WL 3912279, at *4 (D. Md. Sept. 1, 2021) (Boardman, J.). "On remand, the ALJ should provide a clearer narrative discussion that incorporates the VE's testimony and Plaintiff's

10

ability to stay on task, and also explains how the evidence supports [her] conclusions, ensuring that there is an accurate and logical bridge from the evidence to any conclusion made." *Sheri S.*, 2020 WL 4579871, at *6.

In short, the ALJ "must *both* identify evidence that supports [her] conclusion *and* 'build an accurate and logical bridge from [that] evidence to [her] conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (second alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because the Court remands this case on other grounds, the Court need not address Plaintiff's remaining arguments. *See Testamark v. Berryhill*, 736 F. App'x 395, 399 n.2 (4th Cir. 2018) (per curiam). In any event, the ALJ also should address these other issues raised by Plaintiff. *See Tanner v. Comm'r of Soc. Sec.*, 602 F. App'x 95, 98 n.* (4th Cir. 2015) (per curiam) ("The Social Security Administration's Hearings, Appeals, and Litigation Law Manual 'HALLEX' notes that the Appeals Council will vacate the entire prior decision of an administrative law judge upon a court remand, and that the ALJ must consider de novo all pertinent issues.").

V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 15) is **DENIED**.  Plaintiff's Motion for Summary Judgment (ECF No. 14) is **DENIED**.  Plaintiff's alternative motion for remand (ECF No. 14) is **GRANTED**.  Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: October 13, 2021                                          /s/
                                                    Thomas M. DiGirolamo
                                                    United States Magistrate Judge